UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON, | No. 2:17-cv-2179 AC P |
| Plaintiff, | |
| v. | ORDER |
| YUBA COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated herein, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will also be given the opportunity to amend the complaint.

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

    A.  Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

    B.  Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

IV. PLAINTIFF'S COMPLAINT

Plaintiff names Yuba County Jail, Captain Barnes, Lieutenant Hemp and Sergeant

Hannagan as defendants in this action.[1]  See ECF No. 1 at 1-2.  The complaint alleges as follows.  In April or June of 2017, plaintiff was rehoused by defendant Hemp in order to accommodate plaintiff's decision to represent himself in court.  See id. at 3, 10.  Due to plaintiff's status as an alleged sex offender, the rehousing resulted in plaintiff being immediately attacked by several inmates.  See id. at 3.

Plaintiff wanted to report the inmate attack, and accordingly requested the video footage from outside G-tank[2] to support his assault allegation.  See id. at 4-5.  However, his requests were denied.  See id.  Plaintiff's requests to use the phone to contact an attorney and his requests for medical treatment and to have photographs taken of his injuries were also denied.  See id.

In an attempt to safely report the attack, plaintiff intentionally caused a scene in front of defendant Hannagan, a classification officer.  See ECF No. 1 at 4.  When plaintiff did this he was "twisted up and choked out" by five deputies, the identities of three of whom he can remember.  See id.  Plaintiff was subsequently placed in a medical cell and isolated.  See ECF No. 1 at 4-5.  As additional punishment, plaintiff was placed on a diet of "disciplinary loaf" for three days.  See id. at 5.  The punishment lasted ten days.  See id.

During that period, plaintiff began filing grievances and asking for medical attention, mental health counseling, and a download of the video footage in front of G-tank where his

---

[1] Although plaintiff names both Yuba County Jail and Captain Barnes as defendants (see ECF No. 1 at 1-2), the complaint contains no allegations about actions that either of these named defendants took that violated plaintiff's rights under federal law.  See generally id.  In any amended complaint filed, plaintiff must state with specificity precisely what these two defendants did or failed to do that plaintiff believes violated his rights.  See, e.g., Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Otherwise, Yuba County Jail and Captain Barnes will be dismissed from the action.

[2] It is unclear whether G-tank was the location where plaintiff wanted to be placed, or from which he wanted to be removed.  See ECF No. 1 at 3 (plaintiff stating he was rehoused by defendant Hemp in G-tank which was "a very violant [sic] drop out tank" and simultaneously stating that he should have been housed there); see also id. at 4 (plaintiff stating "I was allowed to remain in G-tank until a verdict came back in my trial."); but see id. at 6 (plaintiff requesting all G-tank classified inmates be rehoused in administrative segregation "due to there [sic] violant [sic] nature") (brackets added).

For present purposes, the court construes the complaint to allege that plaintiff wanted to be placed in G-tank.  If this is not correct, plaintiff should so clarify in amended complaint he may file.

4

assault by other inmates had occurred. See ECF No. 1 at 3-5, 10. Plaintiff also asked if he could file charges, and he requested a lawsuit form. See id. at 4. Plaintiff's requests were denied. See id. at 3-5. This, plaintiff claims, deprived him of his right to justice via the jail grievance system and of his right to secure proper evidence. See id. at 4-5.

Plaintiff requests that all G-tank classification inmates be rehoused in administrative segregation in order to prevent future assaults. See id. at 6. He also requests that defendants Barnes, Hemp and Hannagan be fired and that employees in the medical and mental health departments be punished for failing to help him after his attack. In addition, plaintiff asks that charges be filed against his inmate attackers. Finally, plaintiff requests $250,000.00 in damages for his pain and suffering. See id.

V. DISCUSSION

Because plaintiff was a pretrial detainee at the time the incidents in question took place, the court analyzes his claims under the Fourteenth Amendment instead of under the Eighth Amendment, recognizing that the analyses for both are similar. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [and therefore, the court] applies the same standards.") (brackets added).

### A. Right to Personal Security

#### 1. Facts

In Claim One, plaintiff states that his right to safety was violated by defendant Hemp when defendant Hemp rehoused plaintiff in an improper classification tank. See ECF No. 1 at 3. Plaintiff states that as an inmate who had opted to represent himself in court, he was entitled to full access to a phone so that he could properly prepare himself for his trial. See id. at 3. Plaintiff alleges that this type of phone access was not possible in administrative segregation. See id. Instead of walking plaintiff to and from booking to use the phone, defendant Hemp allegedly overrode plaintiff's classification and rehoused him in a tank which was violent and did not program with sex offenders. See id. Because plaintiff's case had been highly publicized, he was recognized in the tank. This led to plaintiff being beaten by several federal inmates, as well as to

plaintiff becoming the victim of an attempted sexual assault. See id.

Plaintiff alleges that defendant Hemp "set [him] up to be victimized." ECF No. 1 at 3 (brackets added). He claims that he should have been housed in G-tank where Yuba County Jail houses all sex offenders. See id. Thereafter, after his situation was explained, plaintiff was permitted to remain in G-tank pending the outcome of his case. See ECF No. 1 at 4.

### 2. Discussion

"The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates." Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015). The right to personal security is an "historic liberty interest" that is protected substantively by the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

A prisoner may state a Section 1983 claim under the Eighth Amendment against prison officials where the officials acted with deliberate indifference to the threat of serious harm or injury to him. Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013); see Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (stating same with respect to harm inflicted by another inmate). The deliberate indifference standard is also applicable to pretrial detainees. See Redman v. County of San Diego, 896 F.2d 362, 366 (9th Cir. 1990). Liability may follow only if a prison official knows that inmates face a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. Labatad, 714 F.3d at 1160.

The allegations of the complaint fail to demonstrate that defendant Hemp knew when he rehoused plaintiff that the move placed plaintiff at substantial risk of serious harm. The conclusory allegation that "Lt. Hemp set me up to be victimized" fails to state a claim. If plaintiff wishes to pursue Claim One, he must on amendment specify the information Lt. Hemp had that put him on notice of the risk to plaintiff, and the circumstances that demonstrate deliberate disregard of the risk.

////
////
////
////

6

B. Excessive Force, Denial of Grievance Proceedings, Deliberate Indifference

1. Facts

In Claim Two, plaintiff alleges that his rights were violated when, after he had caused a scene in front of defendant Hannagan,[3] he was "twisted up and choked out" by five deputies, the identities of three of whom he can remember: Sergeant Cordray, Deputy King and Deputy Condola. See ECF No. 1 at 4. Thereafter, plaintiff was placed in a medical cell and isolated from all other inmates. Plaintiff states that he then began filing multiple grievances, and he also requested medical attention, mental health counseling and litigation forms, all of which were denied to him. See id. As a result, he has been unable to sleep without medication, and he is in constant fear of retaliation by Yuba County Jail officers and in fear of interference with his court proceedings because he has attempted to seek justice for himself. See id.

2. Discussion

It is unclear from these facts whether Claim Two is intended to assert: (1) an excessive force claim against defendant Hannagan, Cordray, King and Condola; (2) a claim of denial of grievance proceedings; or (3) a claim of deliberate indifference to serious medical need. For these reasons, Claim Two is not cognizable as pleaded. Plaintiff will need to clarify what his claims are in an amended complaint.

a. Excessive Force

To the extent plaintiff wishes to bring an excessive force claim, he should keep in mind that while the Eighth Amendment precludes prison officials' use of excessive physical force against prisoners (see Farmer v. Brennan, 511 U.S. 825, 832 (1994)), "whenever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Moreover, maintaining institutional security and preserving internal order and discipline

---

[3] Plaintiff states he intentionally created a scene because he believed that doing so would force prison officials to remove him from G-tank so he could safely report the battery by other inmates he had received. See ECF No. 1 at 4.

7

are essential goals that may require limitation or retraction of the retained constitutional rights of prisoners and pretrial detainees. Bell v. Wolfish, 441 U.S. 526, 546 (1979).

To state a cognizable claim of excessive force based on the facts asserted in Claim Two, plaintiff will need to formally name Cordray, King and Condola as defendants in an amended complaint. Plaintiff will also need to provide specific facts that indicats how each of these individuals subjected him to excessive force. Plaintiff must also clarify how defendant Hannagan was involved – if at all – in plaintiff's choke out incident. Finally, plaintiff will need to show that the injuries these jail employees allegedly inflicted upon him were done maliciously or sadistically and not done in a good faith attempt to restore order due to the disruption that plaintiff had admittedly created. See generally Hudson, 503 U.S at 6-7.

### b. Deprivation of Grievance Procedures

Inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann). Moreover, the procedural guarantees of the Fourteenth Amendment's Due Process Clause only apply when a constitutionally protected life, liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

To state a claim under Section 1983, plaintiff must allege that an identified defendant, while acting under color of state law, deprived him of a right secured to him by the Constitution or laws of the United States. To the extent plaintiff wishes to allege that the jail officials' failure to provide him the means to file grievances violated his rights, he cannot state a claim. Because plaintiff has no federal right to a grievance procedure, and he fails to allege that he has a state-created liberty interest in filing prison grievances but was prevented from doing so (see generally ECF No. 1), this claim is not cognizable.

### c. Deliberate Indifference to Serious Medical Need

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at

834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong . . . "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Lemire v. CDCR, 726 F.3d 1062, 1082 (9th Cir. 2013); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. See id. at 835.

If plaintiff is trying to claim that his Eighth Amendment rights were violated jail officials' failure to provide him with medical attention, either after he had been beaten by other inmates or after he had been "choked out" by jail employees, he must allege facts that constitute deliberate indifference to serious medical need. Specifically, plaintiff must identify with specificity the jail employees who failed to give him access to medical treatment after he had been injured in each incident. He must also allege facts showing that the individual employees were aware of his medical need and its seriousness, and that harm was caused by their failure to act. Plaintiff will be given an opportunity to provide this information in an amended complaint.

C. Denial of Access to Video Footage Showing Plaintiff's Beating

1. Facts

In Claim Three, plaintiff alleges that his rights were violated when he was denied access to video footage that had recorded the attack on him by other inmates in front of G-tank. See ECF No. 1 at 5. He claims that his repeated requests for the footage were denied or dismissed as not relevant. As a result, he was unable to provide proof of his claim that he had been assaulted. See id.

2. Discussion

Plaintiff does not identify any specific federal right that was violated by defendants' refusal to provide videotape evidence of his assault by other inmates. The court is unaware of any such right. Because the facts alleged do not implicate plaintiff's rights under the U.S.

9

Constitution, plaintiff cannot maintain a claim for relief under § 1983.

VI. OPTIONAL LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, the newly filed amended complaint will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

If plaintiff fails to file an amended complaint within the time provided, the undersigned will recommend that the action be dismissed for failure to state a claim.

VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your complaint, as written, does not state any civil rights claims under Section 1983. The denial of a grievance procedure and the refusal to give you videotape evidence do not violate your constitutional rights, so there is nothing you can do to state a claim about those things. Your

other claims, such as failure to protect and deliberate indifference to medical needs, might be able to move forward if you provide more information in an amended complaint.

You should use this order as a general guide to determine which claims to pursue, and what information needs to be provided to make them viable claims. In the amended complaint, you must also state with specificity precisely what defendants Yuba County Jail and Barnes did or failed to do that plaintiff believes violated your rights. Otherwise those two will be dismissed from the action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis filed October 19, 2017 (ECF No. 2) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Within thirty days of the date of this order, plaintiff may file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute and/or for failure to state a claim.

DATED: May 13, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE