UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON,<br><br>Plaintiff,<br><br>v.<br><br>YUBA COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:17-cv-2179 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On June 12, 2019, and July 10, 2019, plaintiff filed documents with the court which ultimately request court assistance with filing an amended complaint. ECF Nos. 12, 15. For the reasons stated below, the court will deny these requests. Instead, plaintiff will be granted an additional thirty days to file an amended complaint.

I.  PROCEDURAL HISTORY

On May 14, 2019, the court issued a screening order directing plaintiff to file an amended complaint within thirty days. ECF No. 6. Thereafter, on May 28, 2019, the jail where plaintiff had been housed filed a notice informing the court that plaintiff had been moved to High Desert State Prison ("HDSP"). ECF No. 8. As a result, on June 3, 2019, the court directed the Clerk of

1

Court to resend the screening order to plaintiff at HDSP, and a new filing fee order was also sent to the California Department of Corrections and Rehabilitation. See ECF Nos. 9, 10.

On June 12, 2019, plaintiff filed a letter with the court requesting that it contact his appeal lawyer in order to obtain "all the physical facts of [his] trial." ECF No. 12. In the letter, plaintiff also asked what he could do to assist the court, and he stated that he knows "all [the] ins and outs of [his] case and how [his] rights were violated." See id. (brackets added).

On July 10, 2019, plaintiff submitted a second letter . ECF No. 15. In it, plaintiff expresses his discontent with the fact that he is being charged $350.00 in filing fees. He also states that he "has no idea what's going on" and that he "[does not] have the slightest idea how to file an amended complaint." Id. at 1 (brackets added). Plaintiff states that his original complaint was filled out by his lawyer's investigator and that plaintiff simply told the investigator what had happened to him. Id. at 1. For these reasons, plaintiff objects to the order that his amended complaint be filed by July 22, 2019. See generally id.

II. DISCUSSION

To the extent plaintiff's two letters request assistance from the court, the requests will be denied. The court does not provide legal assistance or advice to litigants. It does, however, give a pro se plaintiff a statement of the complaint's deficiencies in order to ensure that he has an effective opportunity to amend. See generally Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The court has done this in the eleven-page screening order it issued on May 14, 2019. See generally ECF No. 6.

To the extent plaintiff's letters seek appointment of counsel, this request will also be denied. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Given the fact that plaintiff: (1) was able to provide sufficient information to his attorney's investigator that led to the filing of a relatively clear complaint on his behalf; (2) has

demonstrated in the letters he has written to the court that he understands these proceedings, and (3) has stated that he knows all the ins and outs of his case and knows how his rights were violated, the court does not find the required exceptional circumstances that warrant the appointment of counsel in this matter. Therefore, instead of appointing counsel, the court will, sua sponte, grant plaintiff an additional thirty days to file an amended complaint. It will also direct the Clerk of Court to send plaintiff a copy of the court's complaint form as well as a third copy of its May 14, 2019 screening order. It is suggested that plaintiff closely review the screening order in order to determine what information he needs to put in his amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to send plaintiff copies of the following:
    a. This court's Civil Rights Complaint By A Prisoner, and
    b. This court's screening order issued May 14, 2019 (see ECF No. 6);
2. Plaintiff's request for assistance from the court, filed June 12, 2019 (ECF No.12), is DENIED;
3. Plaintiff's request for assistance from the court, filed July 10, 2019 (ECF No. 15), is DENIED, and
4. Within thirty days of the date of this order, plaintiff shall file a first amended complaint. Failure to file the amended complaint within the time allotted may result in a recommendation that this action be dismissed.

DATED: July 30, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE