UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>YUBA COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:17-cv-2179 KJM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 20.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

////

1

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The circumstances plaintiff asserts are common to most prisoners. Moreover, despite plaintiff's ultimate assertion that mental illness greatly impedes his ability to represent himself, the record reflects that to date, plaintiff has been able to file adequate and comprehensible documents in this action. See, e.g., ECF Nos. 1, 12, 13 (original complaint, request for status, letter re: housing change, respectively). Therefore, in the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 20) is DENIED.

DATED: March 31, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE